D. Ormonde Bitches, J.
Defendant moves for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice on the ground that the complaint is insufficient because it fails to allege that the plaintiff served the required notice of claim upon the defendant in the manner provided by statute. The action is one for damages as the result of the alleged invasion of plaintiff’s property rights. Paragraph second of the complaint alleges in substance the timely service of the notice of claim upon the county by service upon the clerk of the board of supervisors. The defendant claims that the motion must be granted because the plaintiff failed to serve the county attorney of Suffolk County with the notice of claim. There is no dispute but that the County of Suffolk has had a county attorney for many years, and concededly he was never served with the notice of claim, but the plaintiff contends that service upon him was *73 not necessary and that service upon the clerk of the board of supervisors was sufficient. Section 52 of the County Law provides that in an action such as the instant one, a notice of claim must be served upon the county in compliance with section 50-e of the General Municipal Law. Subdivision 3 of such last-mentioned section requires that a notice of claim shall be served upon the county either personally or by registered mail, by delivering the notice, or a copy thereof, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the Supreme Court issued against such party may be delivered. Subdivision 3 of section 228 of the Civil Practice Act, prescribes those persons upon whom service must be effected in an action against a county, namely, the chairman or clerk of the board of supervisors, the county clerk, or the county treasurer, and in addition thereto upon the county attorney, if the county has a county attorney, and otherwise upon the clerk of the board of supervisors of the county. The section is mandatory and the plaintiff has not complied with it. The notice of claim should be served upon the county attorney as well as the clerk of the board of supervisors. The complaint having failed to allege that he was served, it does not state facts sufficient to state a cause of action. Accordingly, the motion is granted.